UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS RICHARD, ) | CASE NO. 4:24 CV 1420 |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| WARDEN IAN M. HEALY, ) | AND ORDER |
| Defendant. ) | |

*Pro se* Plaintiff Nicholas Richard filed this *Bivens* action[1] under against FCI Elkton Warden Ian M. Healy. In the Complaint, Plaintiff alleges that in July 2022, Warden Healy permanently denied Plaintiff all contact with his wife and daughter. Plaintiff was convicted in the United States District Court for the Southern District of Indiana on one count of Distribution of Sexually Explicit Material Involving Minors, and one count of Possession of Sexually Explicit Material Involving Minors. He indicates that he had regular contact with his daughter after his conviction, and she was not one of his victims so there was no reason to terminate contact with her. He further alleges that the Warden retaliated against him for filing grievances about visitation with daughter but also restricting visitation with his wife. He contends the Warden violated his First and Fifth Amendment rights. He seeks injunctive relief.

## I.    Background

Plaintiff is a prisoner at FCI Elkton, having pled guilty to possession and distribution of sexually explicit material involving minors. He alleges that his daughter was fourteen years old

---

[1] **Error! Main Document Only.***Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

at the time of his arrest. He indicates that after discussions with his wife and his attorney, he agreed to withhold contact with his daughter until after his arraignment in December 2020. Once it was established that his daughter was not one of his victims, he resumed communication with her through letters and telephone calls. He claims his wife was aware of these communications and fully supported them. This type of communication continued after he arrived at FCI Elkton. In person visitation, however, was not permitted due to the covid pandemic.

Plaintiff alleges that when visitations resumed at the prison, he asked his unit manager to add his daughter to his visitor list. He was informed on July 27, 2022 that his request to add her had been denied for safety and security reasons. Plaintiff understood this to mean that his request for visitation had been denied due to the nature of his crimes. He indicates his wife wrote to Warden Healy and expressed her approval for the visitation, but the Warden did not change his mind. Plaintiff filed grievances. He was told that he now was barred from having any communication with his daughter or his wife. He filed additional grievances but did not obtain relief. Plaintiff brings this *Bivens* action against the Warden, claiming that he violated Plaintiff's Frist and Fifth Amendment rights.

## II.      Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions

are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III.     Analysis**

As an initial matter, this Court must first determine whether Plaintiff can bring these claims in a *Bivens* action. To state a claim under *Bivens*, a Plaintiff must allege that he was "deprived of rights secured by the Constitution or laws of the United States" and that "the Defendant[ ] who allegedly deprived [him] of those rights acted under color of federal law." *Marie v. Am. Red Cross*, 771 F.3d 344, 364 (6th Cir. 2014) (emphasis omitted).

The Supreme Court has explicitly recognized only three contexts in which a private right of action for damages may be properly brought against federal officials for constitutional violations: (1) under the Fourth Amendment for a violation of the prohibition against unreasonable searches and seizures of a private citizen's residence, *Bivens*, 403 U.S. at 389, 397;

(2) under the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 230–31, 248-49 (1979); and (3) under the Eighth Amendment for failing to provide adequate medical treatment to a prisoner, *Carlson v. Green*, 446 U.S. 14, 16 n.1, 19 (1980).  In these cases, the Supreme Court implied a cause of action against federal officers for violations constitutional rights. *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Supreme Court reasoned that sometimes individual-rights violations could be redressed only by damages, and it had the power to create such actions unless Congress limited them. *Bivens*, 403 U.S. at 397, 91 S.Ct. 1999.

Recent developments, however, have reversed that line of reasoning.  What began as a presumption in favor of creating an implied right of action has developed into a strong presumption against it.  The Supreme Court has not recognized a new *Bivens* action in the 40 years since *Carlson* and over that time period has repeatedly declined to create such actions. *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017).  In fact, the Court has renounced the presumption of implied remedies, stating that in most cases Congress, rather than the Courts, should decide whether a cause of action exists for violations of the Constitution. *Id*.  "[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.*

Therefore, in determining whether a cause of action can proceed under *Bivens*, the Court must engage in a two-step inquiry. *Egbert v. Boule*, 596 U.S. 482, 492 (2022); *Hernandez v. Mesa*, 589 U. S., at ——, 140 S. Ct. 735, 743 (2020).  First, the Court must determine whether the case presents a claim that arises in a "new [*Bivens*] context" or involves a "new category of Defendants."  In other words, is it "meaningful[ly]" different from the three cases in which the

Court has implied a damages action. If this is the case, then it is a new context for *Bivens* purposes. *Id*.

If a claim presents a new *Bivens* context, then the Court must determine whether " 'special factors counsel[ ] hesitation' in recognizing the new claim." *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020); *Egbert*, 596 U.S. at 491. Such factors include "whether alternative processes exist for protecting the right," "whether existing legislation covers the area," and "separation-of-powers principles"—e.g., whether recognizing a new claim would "interfer[e] with the authority of the other branches and whether the judiciary can competently weigh the costs and benefits at stake." *Callahan*, 965 F.3d at 524; *Hernandez*, 140 S. Ct. at 743. Finally, a Court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive Branch to provide, "an alternative remedial structure." *Ziglar*, 582 U. S., at ——, 137 S.Ct., at 1858; *Egbert*, 596 U.S. at 493. If there are alternative remedial structures in place, that alone is reason to restrict the exercise of judicial power to infer a new *Bivens* cause of action. *Id.* Importantly, the relevant question is not whether implying a *Bivens* action would disrupt the Congressional or Executive branch remedy, whether a wrong would otherwise go unredressed, or whether the "existing remedies do not provide complete relief." *Egbert*, 596 U.S. at 493. Instead, the relevant question is whether the Court, rather than the political branches, is better equipped to decide whether existing remedies "should be augmented by the creation of a new judicial remedy." *Id.*

Here, Plaintiff asserts claims under the First Amendment and the Fifth Amendment. The Supreme Court has never recognized a *Bivens* action for any First Amendment right. *Egbert*, 596 U.S. at 498–99; *Callahan*, 965 F.3d at 523; *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims."). This is a new

context for a *Bivens* claims. While the Supreme Court implied a cause of action for due process claims under the Fifth Amendment, it was in the context of gender discrimination. *Davis*, 442 U.S. at 230–31. Applying the Fifth Amendment to banning family members from a prison visitation list presents a new context for *Bivens* claims.

Having decided these claims present a new context, the Court must determine whether "special factors counsel[ ] hesitation" in recognizing the new claim. Here, the federal prisons' grievance process provides an alternative path for federal prisoners like the Plaintiff to seek redress of their claims. 28 C.F.R. § 542.10 et seq,; *Callahan*, 965 F.3d at 524. Alternative processes for *Bivens* purposes, do not have to be creations of Congress. nor must they be "perfectly congruent" with a Bivens remedy or "provide complete relief" for the alleged violation. *Id*. at 124. The grievance process contains its own statutes of limitations, filing procedures, and appeals process. 28 C.F.R. §§ 542.13–15. Prisoners may retain attorneys for assistance with the process. 28 C.F.R. § 542.16. When there are alternative methods of relief, a *Bivens* remedy usually is not available. *Callahan*, 965 F.3d at 524.

In addition, the Sixth Circuit has recognized that prison based *Bivens* claims present a risk of interference with prison administration. *Callahan*, 965 F.3d at 524-25. "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources." *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Those tasks fall "peculiarly within the province of the legislative and executive branches." *Id*. at 85. The Courts should hesitate to become deeply involved in the day to day operation of a federal prison. The Bureau of Prisons is part of the Justice Department which is under the Executive Branch of government. Given that the Bureau of Prisons has placed the final authority in the hands of the Warden to determine who may or may be on a prisoner's visitation list, "separation of powers

concerns counsel a policy of judicial restraint" in not creating new causes of action under *Bivens* in these areas.

## IV.     Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED. **Date:**

**November 7, 2024**

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[1]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.